3 [From 27 Int. Rev. Rec. 130.]
20 FED. CAS.—42

## Case No. 11,751.

### RICE v. BARRY.

[2 Cranch, C. C. 447.] 1

Circuit Court, District of Columbia. April Term, 1824.

STATUTE OF FRAUDS—PROMISE TO PAY FIRM DEBT—CONSIDERATION—PLEADING AT LAW—COUNT.

1. A separate and express promise by one copartner to pay a debt of the firm, is not a promise to pay the debt of another, within the statute of frauds, although judgment for the same debt had been recovered against the other partner; and forbearance to arrest this other partner, at the request of the former, is a good consideration to support his promise.

2. A count upon a promise to pay in consideration that the plaintiff, who had arrested the other partner upon a ca. sa., would, at the present defendant's request, forbear to prosecute that other partner upon the ca. sa., and would not trouble him, but let him go out of custody of the marshal, and in further consideration that the debt was a partnership debt for which the present defendant was equally liable with the other partner, and which he had promised that other partner to pay, is not double or multifarious, and is good even upon special demurrer.

Assumpsit [by Thomas Rice against Robert Barry].

1. The first count stated that the plaintiff, at June term, 1820, had recovered judgment against one James D. Barry, in this court, for $648.86, with interest from a certain day, and $15.34 costs, who was arrested upon a ca. sa. issued thereupon, and in custody of the marshal; in consideration whereof, and that the plaintiff, at the request of the defendant, would forbear to prosecute the said J. D. B. on that ca. sa. and would not trouble him, and would let him go on the said execution, and would discharge him from the custody of the marshal, thereupon the defendant promised to pay in the autumn of the year 1820. That the plaintiff, confiding in that promise, did forbear, &c., and did not trouble the defendant, and did let him go, &c., whereof the defendant had notice, and thereby became liable to pay to the plaintiff the said sum, according to the tenor and effect of the promise, and being so liable, promised to pay, &c.

2. The second count contained the same averments, with this, also, "that the said sum of $648.86, with interest, &c., and costs. for which the said judgment was rendered against the said James D. Barry, was a partnership debt, for which the said defendant was equally bound with the said James D. Barry."

3. The third count stated the judgment against J. D. B., and his arrest on the ca. sa., and that, "in consideration of the premises, and that the said sum of $648.86, with interest, &c., and costs, for which the said judgment was so rendered against the said James D. Barry, was a partnership debt, for which the said defendant was liable, and

1 [Reported by Hon. William Cranch, Chief Judge.]

which he was bound to pay, and the payment of which he had, in fact, assumed upon himself, by contract between him and the said James D. Barry;" and that the plaintiff, at the defendant's request, would not trouble the said J. D. B., &c., as in the second count, "and would enter the said writ 'not called by consent,' on the return thereof," and would wait for payment till the autumn 1820, the defendant undertook and promised to pay the debt, &c.

To the second and third counts, the defendant's counsel, Mr. Worthington, demurred specially. To the second count, because it was double and multifarious; stating two distinct causes of action, namely, a promise is consideration of forbearance to prosecute a debt of J. D. Barry, and also a promise in consideration of an existing liability in the defendant to pay a partnership debt; and because it is argumentative and repugnant. To the third count, for the same causes, and because it states "a special assumption of the defendant to James D. Barry, to pay the aforesaid debt, which is multifarious, informal, and double."

Mr. Worthington, for defendant, contended that if it was a partnership debt, it is merged in the judgment against J. D. Barry, and had become his separate debt. The declaration does not aver that a partnership existed; and without a partnership, it could not be a joint debt.

Mr. J. Dunlop and Mr. Jones, contra. There is only one promise averred, and although the consideration might consist of several parts, yet there was only one cause of action.

R. S. Coxe, in reply. Each of the two counts avers two or more distinct causes of action, requiring different proof. The consideration of a joint responsibility does not go to the extent of the promise. At most, it can cover only the original debt, not the costs of the action against J. D. Barry. A joint responsibility will not support a separate promise by one to pay the whole. A judgment against one of the firm for a partnership debt, extinguishes the joint debt; i. e., the debt is no longer joint. The original cause of action is merged in the judgment. Clement v. Brush, 3 Johns. Cas. 180. So is a specialty given by one partner. Tom v. Goodrich, 2 Johns. 213; Penny v. Martin, 4 Johns. Ch. 566; Willings v. Consequa [Case No. 17,767]. The defendant, if it was a partnership debt, was only liable with J. D. Barry, not solely liable.

THE COURT (THRUSTON, Circuit Judge, absent) refused to give judgment for the defendant, on the demurrer, and he withdrew it, and pleaded the general issue to all the counts.

On the trial of the general issue, Mr. Worthington objected to parol evidence of the promise, because the declaration avers only a promise to pay the debt of another, within the statute of frauds. If it was a partnership debt, it was merged in the judgment against J. D. Barry, and became his sole debt as completely as if he had never been a partner.

On the next day, THE COURT (THRUSTON, Circuit Judge, absent), having considered the question since yesterday, stopped Mr. Jones, in reply, and permitted parol evidence to be given, that it was originally a joint debt; being of opinion that if it were, there was a moral obligation on the defendant to pay it; and his promise to do so was a promise to pay his own debt, and not the debt of another, within the meaning of the statute of frauds.