## Case No. 5,493.

### GODDARD v. MOCKBEE.

[5 Cranch, C. C. 666.][1]

Circuit Court, District of Columbia. March Term, 1840.

**CONTRACT TO PAY DEBT OF ANOTHER — ENFORCEMENT BY CREDITOR—CONSIDERATION.**

If a third person receive money from the debtor to pay the debt due to the creditor, and in consideration thereof promise the creditor to pay it, he is liable to the creditor in an action for money had and received; and the case is not within the statute of frauds, although there be no note or memorandum in writing to charge the defendant.

Assumpsit for money had and received by the defendant for the use of the plaintiff. At the trial the plaintiff [John H. Goddard] offered evidence tending to prove that a certain R. Mockbee, being indebted to the plaintiff in the sum of $110, made his promissory note dated February 1, 1837, payable to the order of the plaintiff sixty days after date, which note was produced by the plaintiff at the trial. That after the date of the note the defendant received from Mockbee a considerable amount of goods, &c., and acknowledged to a competent witness that he had received the said property to pay the creditors of Mockbee, and that there was sufficient for that purpose, especially to pay the preferred creditors, among whom was the plaintiff. That the defendant afterward acknowledged that he had the greater part of the property, and had paid a curtailment on the note to the plaintiff. Whereupon, the defendant prayed the court to instruct the jury that upon the evidence aforesaid the plaintiff is not entitled to recover. But THE COURT (nem. con.) refused.

The defendant then prayed the court to instruct the jury that if they believe from the said evidence that the plaintiff holds the said Mockbee's note for the debt and has never released him from the debt, then the understanding of the defendant was collateral, and the plaintiff is not entitled to recover, although the defendant may have verbally promised to pay the plaintiff, upon a full consideration passed to him by the said Mockbee. Which instruction THE COURT also refused to give.

The defendant then prayed the court to instruct the jury that if they believe, from the evidence aforesaid, that the said Mockbee, be-

[1] [Reported by Hon. William Cranch, Chief Judge.]

ing largely indebted, assigned to the defendant certain personal property, upon his assumption to said Mockbee to pay the creditors of the said Mockbee; and that at the time of the said assignment and assumption the plaintiff was the holder of the note aforesaid, and still holds the same, never having released the said debt; but the same being still a subsisting debt in full force; and that after receiving the said property the defendant acknowledged verbally that he had sufficient to pay the preferred creditors of the said Mockbee, among whom was the plaintiff; and afterwards acknowledged that he had sold the greater part of the said property, and had paid the curtails upon the said note; then there is no evidence of any promise in writing by the defendant to pay the debt of the said Mockbee, and the plaintiff is not entitled to recover. Which instruction THE COURT also refused to give.

The defendant then prayed the court to instruct the jury that if they believe that the said note was made and indorsed for the accommodation of the said Mockbee, and that the plaintiff was but an indorser, then, to entitle the plaintiff to recover, it is necessary that he should prove that the said note was discounted, or put into circulation; and that some consideration has been paid by the plaintiff for the note or on account of the same. But THE COURT refused this instruction also.

R. J. Brent, for defendant, cited Weston v. Barker, 12 Johns. 276; Elting v. Vanderlyn, 4 Johns. 237; Marshall v. Bronaugh [unreported], in this court; Rice v. Barry [Case No. 11,751], also in this court; Dewolf v. Rabaud, 1 Pet. [26 U. S.] 475, 501.

Mr. Hoban, for plaintiff, cited Roberts, Frauds, 234; Hughes v. McDermot [unreported], in this court at last term; Olmstead v. Greenly, 18 Johns. 12; 5 Wheeler, 510; Cleveland v. Farley, 9 Cow. 639.

Verdict for the plaintiff.